Stoddard *v.* Gilman.

⟶⟶●◉●◀◀◀

### RAWSON STODDARD *v.* PETER GILMAN.

Under the Revised Statutes no security for costs need be given by way of recognizance, upon the issuing of a writ of replevin.

It is no objection to the legality of a town meeting, that the notices for the meeting were not posted by the selectmen in the places where such notices had usually been posted in the town,—it not appearing, but that they were posted in public places, as required by the statute.

Where, in an action of replevin, the defendant avows the taking under a vote of the town to raise a sum of money to be expended upon a certain highway, a replication, that the highway in question was never legally laid out, is insufficient.

Where a town have voted to raise a tax, but nothing has been done under the vote, the town have the power, at a meeting legally warned for that purpose, to rescind, or reconsider, the vote; and having done so, the collector cannot legally proceed to collect the tax.

REPLEVIN for a cow. The defendant moved to dismiss the suit, for the reason that no security for costs was given by way of recognizance, at the time the writ was issued. It appeared, that a replevin bond had been given, in the form required by the statute. The county court, December Term, 1848,—POLAND, J., presiding, —overruled the motion; to which decision the defendant excepted.

Stoddard *v.* Gilman.

The defendant then pleaded the general issue, and also avowed the taking of the property, as constable and collector of taxes of the town of Westmore, under a rate bill and warrant for the collection of a tax to the amount of $500,00, voted by said town, at a meeting held March 2, 1847, for the purpose of making roads in said town and defraying other liabilities of said town. It was alleged, that the warrant was dated March 25, 1847, and that the rate bill and warrant were delivered by the selectmen to the defendant, March 26, 1847; and the proceedings of the defendant, in distraining and selling the property of the plaintiff for the payment of the tax, were set forth specifically. The plaintiff pleaded to the avowry,—1. Traversing severally the allegations in the avowry;—2. That the town of Westmore voted, March 2, 1847, " to raise five hundred dollars in money, to be expended on the Lake road the ensuing season,"—which was alleged to be the only vote, at any town meeting in Westmore in March, 1847, for the raising of a tax of $500,00; that subsequently, at a legal town meeting, duly warned, and held on the twenty fifth of March, 1847, the said town voted " to reconsider the vote taken March 2, 1847, to raise $500,00 to be expended on the Lake road;" and that the property replevied was taken by the defendant for the sole purpose of satisfying, in part, said tax of five hundred dollars;—3. " That there was no legally laid out " Lake Road," so called, as specified in the record of the vote taken at the annual meeting on the second day of March, 1847, in town meeting of the legal voters of said town of Westmore, either by the authority of said town of Westmore, or by any other authority, whereby the polls and rateable estate of the inhabitants of said Westmore, or property therein of non-residents, could lawfully be taxed, for the purpose of making, building, or repairing the same." Upon the first plea to the avowry issue was joined; to the second plea the defendant demurred generally; and to the third plea he demurred specially, for the alleged cause, that it attempted to put in issue, to be tried by the jury, mere inference and matter of law.

The county court, December Term, 1848,—POLAND, J., presiding,—adjudged the second and third pleas insufficient; to which decision the plaintiff excepted.

The issues of fact were tried by the court, December Term, 1849,—POLAND, J., presiding.

The defendant admitted the taking of the property. The defendant then offered in evidence the record of the warning and proceedings of the meeting of the town of Westmore, held March 2, 1847,—which was objected to by the plaintiff, but admitted by the court. The defendant then offered in evidence the rate bill and warrant mentioned in his avowry, and also the collector's receipt for the same, indorsed thereon; which were objected to by the plaintiff, but admitted by the court. It was conceded by the plaintiff, that at the time the tax, mentioned in the avowry, was voted and assessed, the plaintiff was the owner of rateable estate in Westmore, and had a legal list there, as alleged in the avowry.

The plaintiff then offered to prove, that the notices for the meeting of March 2, 1847, mentioned above, were not posted at the places, where notices for town meetings had usually been posted for several years previous to that time, and that by reason thereof many of the voters in said town had no notice of said meeting and did not attend; to which evidence the defendant objected, and it was excluded by the court.

The court rendered judgment for the defendant. Exceptions by plaintiff.

*E. A. Cahoon* for plaintiff.

The decision, overruling the motion to dismiss the suit for want of a recognizance, was correct. The replevin bond is an ample substitute for the ordinary recognizance, and was so intended. The statute does not require a recognizance in such a writ. A writ of replevin is not strictly one of summons, or attachment, in which security by way of recognizance is required to be given. Rev. St. 179, § 5; Ib. 198, § 3. The form of the writ, given by statute, does not contemplate a recognizance. Rev. St. 502.

The third plea to the avowry is sufficient. The allegation, that that the road was not " *legally* " laid out, no more calls upon the jury to decide a question of law, than the allegation, that an act is *felonious*, requires them to decide what is felony.

The second plea involves the power of a town, in regular meet-

ing assembled, to reconsider previous votes, or acts. Independent of precedent, the general principles of corporate, legislative, congressional and conventional action, unrestricted by positive enactment, most surely warrant the exercise of such power. There is no statute provision, forbidding a town, in its corporate capacity, to reconsider, or rescind, a vote raising taxes,—especially when nothing has been done under the vote, (as in the case at bar,) and the parties can be placed in their former position. And the existence of this right is distinctly recognized in *Pond* v. *Negus*, 3 Mass. 230.

*Bartlett* and *Bingham* for defendant.

Upon the issue formed upon the first plea, the facts stated in the avowry are found to be true. As to the second plea, the defendant insists, that the vote to raise the money, the assessment of the tax and the rate bill and warrant are a good justification for him; and that a subsequent reconsideration of the vote would not, in law, vacate the assessment, nor the rate bill and warrant in the hands of the collector. The third plea attempts to put in issue the question, whether the "Lake road" was legally laid out,—which is a question of law. The averment is, "that there was no legally laid out 'Lake road,' so called." This may be true, and yet the town be under obligation to keep the road in repair. The road may have had its origin by adoption and dedication, and so long since, that the town cannot now disown it.

The opinion of the court was delivered by

POLAND, J. 1. The first question in this case arises upon the defendant's motion to dismiss the plaintiff's suit for want of a recognizance for costs.

We think this motion was correctly overruled. In all the classes of replevin suits, provided for by our statute, the plaintiff is required, before his writ is served, to give a bond to the defendant, with sufficient surety, in double the value of the property to be replevied, one of the conditions of which bond is, to pay all such costs, as the defendant may recover in the suit against him. This was doubtless intended to be the only security for costs, which the plaintiff is required to give, and to stand in the place of the recognizance, required in ordinary cases. The action of replevin

was indeed known at common law; but the whole form of proceeding, in the commencement and subsequent proceedings, in this state, is regulated by statute; and as no other security, except the bond, is required by the statute itself, or the prescribed form given by the statute, none other need be furnished. Such has been the uniform practice in this form of action, so far as we have any knowledge. Under our old statute, which was similar to the present in this respect, it was held, that no recognizance for costs was necessary. *Dunshee* v. *Stearns*, 1 Aik. 149.

2. The records of the town meeting held on the first Tuesday of March, 1847, at which meeting the tax, under which the defendant justifies the taking of the plaintiff's property, was voted, have not been furnished to us, and we cannot of course determine any of the questions raised as to the validity of the proceedings of that meeting, or of the tax voted at that time. The only question, which is raised by the exceptions, as to the validity of this meeting, is upon the plaintiff's offer to show, that the notices for the meeting were not posted at the place, where such notices had usually been posted. The statute does not require, that the notices shall be posted at the same places every year, but only requires, that the selectmen " shall post up notices at three public places in their respective towns" &c. The plaintiff's offer, if true, would not show, that the notices were not given in conformity to the statute;—hence the evidence offered was correctly excluded.

3. Another objection is raised to the validity of the tax, under which the defendant justifies the taking, by the plaintiff's third plea to the defendant's avowry.

In this plea the plaintiff avers, that there was no legally laid out Lake road in the town of Westmore, as specified in the vote raising the tax. The evident intention of the plaintiff's counsel, in this plea, was, to show that the tax was raised for the purpose of being expended in a manner and for a purpose not coming properly within the sphere and scope of their corporate powers and duties, and so not legally collectable. But what is alleged in this replication may, as we think, all be true, and yet this Lake road be one, for which the town of Westmore might well raise money to lay out, or one which they *might be* compelled to keep in repair. The amount of the plaintiff's allegation is, that this road was never "legally laid

out." This may be true, and yet the town, by adoption, or pre-scription, may have become liable to keep the road in repair, in the same manner and to the same extent as if the road had been legally laid out in the first instance. This plea was therefore correctly adjudged insufficient by the county court.

4. The remaining question in the case is upon the sufficiency of the plaintiff's second plea, to the defendant's avowry, wherein the plaintiff sets up a subsequent meeting of the voters of the town of Westmore, and a reconsideration of the vote to raise the sum of five hundred dollars, under which the defendant justifies. This latter vote to reconsider is alleged in the plea to have been passed on the twenty fifth day of March, 1847. In the defendant's plea it is alleged, that the tax bill, upon the tax raised on the first Tuesday in March, was made out on the twenty fifth day of March, by the se-lectmen, and delivered to the defendant for collection on the twenty sixth day of March. These facts all standing admitted by the pleadings, the question is raised as to the effect of this vote to re-consider. The statute, in terms, authorizes towns to raise money by voting taxes, but is silent as to any power to reconsider, or re-scind, such votes. But on consideration of this case we are all sat-isfied, that, to a certain extent, this power must exist.

A vote to raise money for town purposes is a mere declaration, or resolution, on the part of the town alone, and not in the nature of a grant, or contract between the town and an individual. As said by Judge PARSONS in *Pond* v. *Negus,* " it is merely a resolution to provide themselves with money." So long as this rests in mere resolution, and has not been acted upon, we think the town must have the power to rescind or reconsider it. Until something has been done under the vote, the town are alone interested in it, and may alter their resolve at their own pleasure. If the town have not this power, great inconveniences might arise. At the time of voting a tax there might be the strongest apparent necessity for the town to raise a sum of money.; but before any thing is done towards its collection, such necessity may wholly have passed by and the money be entirely needless to the town. Is it true, that they must proceed to collect the tax, whether needed, or not?

What would be the effect of such a vote, after preceedings had been had under it and the tax partially collected, it is not necessary

now to decide. Clearly the collector could not be made a trespasser, for any thing already done by him; and perhaps such a vote would be wholly inoperative. In the present case it seems nothing had been done; the tax bill had not even been delivered to the collector, and perhaps not made out by the selectmen. Under these circumstances we are of opinion, that the town had the right to retrace their steps and rescind, or reconsider, the vote raising the tax; and having done so, the collector could not legally proceed to collect it. For this reason, therefore, the judgment of the county court is reversed, and judgment will be entered, that the plaintiff's second plea *is sufficient.*

The defendant applied for leave to withdraw his demurrer to the plaintiff's second plea,—which was allowed, on terms.