H. B. CHITTENDEN *v.* SCHOOL DISTRICT No. 1, IN WATERBURY.*

*School. Prudential committee power of, in employing Teacher. R. L. s. 515.*

1. A prudential committee, acting in good faith to the district, can make a contract for the services of a teacher that will lap over a reasonable time upon the official year of his successor; thus, the defendant's com-

* Heard, August Term, 1882.

mittee elected at its annual March meeting, contracted with the plaintiff to teach during one school year, commencing on the first of September and closing on the last of June following; and the new committee refusing to allow him to teach except for less than his contract price, which he declined to do. . *Held,* that the plaintiff could recover his pay for the entire period covered by the contract.

2. The committee's power to contract with the teacher is not derived from the district, but comes from the statute; but if the committee were a mere agent, the district validated their action in voting the term of school covered by the contract after knowing all the facts.

SPECIAL ASSUMPSIT. Heard on the report of a referee, March Term, 1882, REDFIELD, J., presiding. Judgment for the defendant.

The referee found, that the plaintiff contracted with the defendant district through its committee to teach school one year, or three terms at $240 per term, commencing on the first of September 1878 and ending in June 1879; that, under the statute of 1876, No. 47, the defendant at its annual March meeting 1877, elected a committee of three—one for one year, one for two years, and one for three years; that at the March meeting in 1878, no new committee was elected; that the committee elected at the annual March meeting in 1879, refused to allow the plaintiff to teach his last term of the year unless he would teach for a less sum than his contract called for; that the committeeman elected for three years in 1877, resigned at the March meeting in 1879, and three new committeemen were then elected; that the plaintiff was an able teacher, and offered to teach the last term for which he was hired. The referee also found, that the plaintiff in 1878 refused to engage or contract to teach at all, unless he was engaged for one year; that some of the inhabitants found fault with the price paid him; that the new committee claimed that the old committee could not hire a teacher beyond the school year; and that the plaintiff made diligent search for a school in the spring of 1879, but could not find one. It appeared that at the annual March meeting in 1874, the district passed a vote, as follows: "Voted that the prudential committee be instructed to employ no teacher for a term to extend beyond this school year." This vote remained on the

records of the district, and no further vote was passed by the district on this subject; and there was no proof that up to 1878, any committee of the district had hired to extend beyond the school year. It also appeared, that the defendant in 1878, voted to have three terms of school of twelve weeks each, and in 1879, voted to have three terms,—the spring term of ten weeks, and each of the others of eleven weeks.

*W. P. Dillingham*, for the plaintiff.

While it is probably true that a committee cannot bind the district by contracts for services wholly to be performed after the expiration of the official term of the committee: *Stevenson* v. *School Directors*, 87 Ill. 258; *Davis* v. *School Directors*, 92 Ill. 296; or, where the greater part of the services are thus to be performed: *Taylor* v. *School District*, 5 Jones Law (N. C.) 101,—but held otherwise in 63 Barb. 179—but under the provisions of the Gen. Statutes the committee has authority to contract with teachers for terms of service extending a *reasonable time* beyond the term for which they are elected, when such contracts are entered into in *good faith*, and not for the purpose of forcing upon the district an unsatisfactory teacher or defeating the will of the voters at the annual meeting. *Stevenson* v. *School Directors*, 87 Ill. 258. The Supreme Court of Wisconsin, whose statutes are similar to our own, sustains this position fully in the case of *Webster* v. *School District*, 16 Wis. 338; *Wait* v. *Ray*, 67 N. Y. 36. One of the committee having been elected under the Act of 1876, No. 49, for three years, the contract was valid. The district by its action ratified the contract. *Whitwell* v. *Warner*, 20 Vt. 450; 33 Iowa, 107.

*C. F. Clough*, for the defendant.

After the vote of 1874, by which the committee were instructed to "employ no teacher for a term to extend beyond this school year," the committee had no power to contract beyond their official term. If the plaintiff is right in his claim, it follows that a committee may, near the end of the school year,

hire a teacher not acceptable to the district for the whole of the next year; and we can not perceive why he may not perpetuate his power by means of his contracts for a much longer period. He can also, if such is the law, fix salaries for the future— indeed, entangle the district hopelessly against the will of all the inhabitants thereof except himself. G. S. p. 154, ss. 30, 32, 39 ; *Wood* v. *Medfield*, 5 Rep. 304 ; *Taylor* v. *School District*, 5 Jones Law (N. C.) 101 ; *Loomis* v. *Coleman*, 51 Mo. 21 ; *Wilson* v. *School District*, 32 N. H. 126 ; *Harris* v. *School District*, 8 Foster, 51; *School District* v. *Thompson*, 5 Minn. 280 ; *Stevenson* v. *School Directors*, 87 Ill. 258 ; *Davis* v. *School Directors*, 92 Ill. 296 ; *Philadelphia* v. *Johnson*, 47 Pa. St. 382. School districts are *quasi* corporations; and the officers, except in minor affairs, have no authority to make contracts in absence of votes so authorizing them. Dill. Mun. Cor. 30.

The opinion of the court was delivered by

POWERS, J. The several statutes constituting our common school system are to be read together, and liberally construed to effectuate the general public good proposed in their enactment.

A review of them will show that the legislature, having full power over the subject, has not entrusted the destiny of the system to the uncertain disposal of the "fierce democracie" of the districts themselves, but has clothed officials with ample authority to keep the schools in motion in any event.

Among such enactments is the provision now found in s. 515 R. L., which empowers the prudential committee " to appoint and agree with a teacher to instruct the school." The power to contract with the teacher is not derived from the district at all, but comes from the statute. The district elects the committee, but when elected he is not the agent of the district in the sense that he acts only as the district empowers him to act; but he is the statutory agent of the district deriving his power from the law.

His authority to contract with the teacher is to have reasonable limitation, measured by the obvious purpose and object of

his election. To say that he can make no contract that shall be operative beyond his official term is too narrow, and to say that he can contract for a service to be wholly rendered during the official term of his successor is too wide, a view of his authority.

He is charged with the temporary current administration of one of the most important interests of the State; and is held to the exercise of good faith to his district as well as the public.

If in such good faith it becomes necessary so to do, he may make a contract for the service of a teacher that will lap over a reasonable time upon the official year of his successor. The Illinois cases cited in argument are in point; and the doctrine there promulgated meets our approval. The case shows that the committee were unable to hire the plaintiff for any term less than a year; that he was a desirable teacher to secure, as his services afterwards demonstrated; and hence the committee acting for what they deemed the best interests of the school made a contract that would run into the succeeding year. It is true, that the term of school in the succeeding year to which the contract would apply, had not, when the contract was made, been voted or ordered by the district; but the district had so long provided for three terms of school, a prudent official would be justified in assuming that this settled policy would continue. It *did* continue in fact. Full report of the scope of the plaintiff's contract and the action of the committee in making it was made at the annual meeting in 1879, and no note of dissent or censure was sounded. If the doctrine that the committee is the mere agent of the district were to prevail, the action of the district at this meeting in voting the term of school covered by this contract after full notice of the facts would validate the committee's action.

Although the school year for fiscal and some other purposes begins the first of April, still it is a well understood fact that the school year of service for professional teachers begins with the fall term, and ordinarily such teachers cannot be secured for any different year of service.

The plaintiff was ready and willing to perform his contract, and is now entitled to his damages measured by the contract price.

Judgment accordingly.