## Merchants Mutual Casualty Co. v. Calime Izor et als

[111 A2d 732]

January Term, 1955.

Present: **Sherburne, C. J., Cleary, Adams and Chase, JJ., and Smith, Supr. J.**

Opinion Filed February 1, 1955.

*Finn & Davis* for the plaintiff.

*Abare & Sargent* for defendant Izor.

*Fayette & Deschenes* for defendants Root.

**Adams, J.** This is a proceeding in chancery praying for a declaratory judgment and injunction. The plaintiff seeks a declaration as to whether an automobile liability insurance policy issued by the plaintiff to the defendant, Izor, affords him protection by reason of injuries received by the defendant, Regina Root. She has brought suit in the Washington County Court against Izor in which she claims damages for such injuries. An injunction was issued restraining the further prosecution of that suit during the pendency of this proceeding. The matter at issue is whether or not Izor complied with the terms of the policy in regard to the notice that he gave the plaintiff in regard to the incident pertaining to the claimed injuries received by Mrs. Root.

A hearing was had by the chancellor. Findings of fact were made and filed and a decree entered relieving the plaintiff from responsibility under coverage [C] and charging it with responsibility under coverage [A] of the policy and dissolving the injunction. The case is here on exceptions of the plaintiff to certain findings and to the decree.

The findings that are unexcepted to show the following material facts: The plaintiff is an insurance company and issued to Izor the policy in question which was in effect on June 1, 1951. It contained the following provisions:

Item 1, Coverage A.

"To pay on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person, caused by the accident and arising out of the ownership, maintenance or use of said automobile."

Coverage [C]

"Medical expenses, etc. to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile, if the automobile is being used by the insured or with his permission."

Condition of policy, Item 1;

"When an accident occurs, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Items 6 and 7 of the policy provide for a compliance with all of the terms of the policy, as a condition precedent thereto, before an action lies against the company. Albert Root is the husband of Regina Root who is the aunt of Izor. All of the defendants reside in Waterbury. On June 1, 1951, Regina Root was a passenger in a Ford Club Coupe owned and operated by Izor and all the defendants rode to Burlington where Izor parked the car on Bank Street and while he was getting out of the driver's seat through the door on his left, Regina Root proceeded to get out of the car from the rear seat through the door on her right next to the curb.

We now quote findings that are unexcepted to:

6. "After defendant Izor got out on the left, he walked around the car and as he came to the curb he heard a slight outcry and saw that defendant Regina Root had fallen to the sidewalk beside the door. He did not see her fall nor know its cause but he was aware that she had fallen while she was alighting from his automobile."

7. "At the time of the incident when defendant Izor first saw defendant Regina Root, she was on her knees on the sidewalk."

8. "Defendant Regina Root, though she stated that the fall did hurt her, stood around for a couple of minutes and then apparently seemed to get over it, and the party proceeded to the Legion Hall to a dance, where defendant Regina Root did some dancing though not with defendant Izor. The party returned to Waterbury later in the evening."

9. "Defendant Izor, at the time, thought the accident a trivial one, and defendant Regina Root, herself, at the time so treated it."

11. "Following the trip to the dance, defendant Regina Root began to have trouble with her knees, and about two weeks after it, consulted a Dr. Wright. Later a Dr. Rust was consulted. Still later, defendant, Regina Root, was hospitalized, operations were performed and an extended period of difficulty ensued for defendant Regina with respect to her knees."

12. "Defendant Izor knew that defendant Regina Root was having trouble with her knees and knew that she was in the hospital for her knees and by May 1952 he had heard Mrs. Root say that she wondered whether or not the fall was the cause of her knee injuries. Defendant Izor didn't say anything to Mrs. Root when she made this statement and nothing was ever said as to how she happened to fall."

13. "On February, 7 1953, however, defendant Regina Root brought suit as has been stated and defendant Izor immediately on the same day notified the plaintiff insurance company,

through its agent, of the suit, turning over to the agent the copy of the writ served on him. This was the first notice that defendant Izor, the insured, ever gave to the plaintiff, the insurance company, that an accident had occurred."

15. "In this case defendant, Calime Izor, had full knowledge that a passenger in his car had fallen while alighting. He saw her on her knees by the car door. He was aware from time to time she was experiencing trouble with her knees and that she, herself, was referring to the fall as a possible cause of her trouble. In view of all this, failure of defendant Izor to give notice (as required by the policy) of the accident until February 7, 1953, did not comply with the stated condition of the policy requiring notice as soon as practicable and by reason of this failure to comply with this condition, the plaintiff is relieved from all liability with respect to 'COVERAGE C' ".

Plaintiff's exceptions 5, 6, 7, 8, 9 and 10 apply to finding number 16. By exception 5 it excepted to the following part of the finding: "As to coverage A, the matter stands somewhat differently. All, and the most, that defendant Izor knew was that defendant Regina Root fell in alighting from his car." The ground of the exception is that it is not supported by the evidence and that it does not stand differently from the provisions of Coverage C and the matters contained in paragraph (15) of said findings, that it is found that there was an accident and that there was no written notice given of the same to the company.

It is apparent that the quoted part of finding 16 contains a conclusion not only limiting how much Izor knew but also in regard to a comparison of Coverage A and Coverage C in certain particulars.

■ When a conclusion is not the legal result of the facts upon which it is based, it does not afford justification for a finding. *Dieter* v. *Scott,* 110 Vt 376, 383, 9 A2d 95, and cases cited; *State* v. *Hallock,* 114 Vt 292, 295, 44 A2d 326; *Springfield* v. *Newton,* 115 Vt 39, 47, 50 A2d 605. The finding as to Izor's limited knowledge is but a conclusion based upon other facts already found. It is plain that it is not the correct legal result of those other facts. Other findings show that Izor

had full knowledge that Regina Root, a passenger in his car, had fallen while alighting from the car; that he saw her beside the car door on her knees on the sidewalk; that he knew she was having trouble with her knees; that she was in the hospital for her knees and that she was referring to the fall as the possible cause of her knee injuries. The conclusion of limited knowledge ascribed to him in finding 16 is inconsistent with the foregoing facts and is to be disregarded. *Dieter* v. *Scott, supra,* and other cases cited.

The conclusion that coverage A stands somewhat differently than coverage C is based in part upon the same facts as Izor's limited knowledge. It is also based upon the type of coverage. The other findings show that coverage A covers bodily injury "caused by the accident and arising out of the ownership, maintenance or use of said automobile" and that coverage C covers "medical expenses etc. * * * caused by accident, while in or upon, entering or alighting from the automobile." Both are subject to the same condition precedent as to notice. It is apparent that the court had that in mind in making the finding that the two coverages were somewhat different. Finding 15 says that Izor did not comply with the stated condition of the policy requiring notice as soon as practicable as applied to coverage C. On the facts found the finding that coverage A stands somewhat differently in that regard is inconsistent with finding 15. We hold that on those facts Izor is charged with the same requirement as to notice with respect to coverage A as with respect to coverage C and that by his failure to comply with that condition as found here, the plaintiff is relieved from all liability with respect to coverage A.

From what has been said it follows that the conclusion of the court in finding 17, to which the plaintiff excepted, that with respect to coverage A the plaintiff is not relieved of its obligation thereunder is not supported by the facts found and it was error to so find. For the same reason the decree is not supported by the pleadings and the facts found and the exception thereto must be sustained. It is not necessary to consider other exceptions to the findings.

*Decree reversed and cause remanded. Let a new decree be drawn and entered in accordance with the views expressed herein.*