Chief Judge Desmond.
Before us is an article 78 CPLR proceeding brought by the trustees of Common School District No. 18 in a town in Orange County, as such trustees and individually, joined with them as petitioners being another taxpayer and voter in the district. Respondents are State Commissioner of Education Allen and the City School District of the City of Middletown, New York. The petition prays to have annulled and declared void so much of an order made by Commissioner Allen in June, 1963 as would consolidate the common school district with the City School District of the City of Middletown. Special Term dismissed the petition but Appellate Division, Third Department, reversed three to two and annulled Com *352 missioner Allen’s determination insofar as it consolidated the common school district with the city school district.
In 1962 the State Commissioner, acting in reliance on section 1526 of the Education Law, attempted to consolidate various districts including the consolidation here attacked. Petitioners’ school district (Common School District No. 18) voted it down. However, another method of consolidation is provided by section 1524. While section 1526, which was used without success in 1962, authorizes the Commissioner to consolidate subject to local vote, section 1524 permits initiation of a consolidation by the local districts to be consolidated. In June, 1963, at a school district meeting of District No. 18, a vote was taken on consolidating this district with the City of Middletown (apparently under § 1524). The motion was passed. It is important to note that this affirmative vote was gotten after the meeting had been several times adjourned from day to day. There was, as we shall later explain, a small attendance of voters when the motion was carried. Later in June, 1963 the Board of Education of the Middletown City School District adopted a resolution consenting to this same consolidation and, on June 25,1963, the State Commissioner of Education (all in pursuance of § 1524) made an order of consolidation effective July 1, 1963. However, on June 28, 1963, three days before the Commissioner’s consolidation order was to go into effect by its terms, School District No. 18 held a special meeting and rescinded or purported to rescind its previous affirmative action in favor of consolidation. District No. 18 then asked the Commissioner to rescind his order and he refused to do so. The question of law, therefore, is whether after the two districts had separately voted in favor of the consolidation and the State Commissioner had approved and issued his consolidation order, one of the districts, before the effective date of the Commissioner’s order, could rescind and prevent the consolidation. At this point we call attention to subdivision 14 of section 2021 of the Education Law which says that, at a school district meeting duly assembled, those entitled to vote shall have power by a majority of those present and voting “ To alter, repeal and modify their proceedings, from time to time, as occasion may require.” We read that broad and general language as meaning that, unless other *353 wise forbidden and unless rights have intervened, a school district meeting has general powers to change or rescind action previously taken. More specifically and as applied to this case the question is whether it was so arbitrary as to be illegal for the Commissioner, when the district meeting had rescinded before the Commissioner’s order became effective, to refuse to, withdraw his consolidation order. The Appellate Division said that under the circumstances the Commissioner’s action was arbitrary and illegal.
The opinion at Special Term for dismissal of the petition held that subdivision 14 of section 2021 above quoted applied to permit a school district meeting to rescind a consolidation vote like any other vote, but that this subdivision 14 of section 2021 was not available when the school district’s affirmative vote for consolidation had been acted on bj" the other district’s consenting thereto and by the State Commissioner’s issuance of his consolidation order. In other words, Special Term thought that the school district’s right to rescind ended when the other parties had acted on it. As to alleged arbitrariness of the State Commissioner’s refusal to withdraw his consolidation order^ the Special Term pointed out that the Commissioner’s order was made very soon after the vote in favor of consolidation. There were reasons for this including a requirement of law that the city school district had to adopt its budget before June 30, 1963.
Besides arguing at Special Term that they had a right to rescind, petitioners urge that for several reasons the meeting at which consolidation was voted was illegally conducted. Special Term answered this by pointing out that under section 2037 of the Education Law any such dispute about the validity of a meeting or its acts is for the State 'Commissioner alone to decide. The point seems to be out of the case.
The Appellate Division majority’s reversing opinion went into the facts in some detail. It pointed out that during earlier years the high school students from District No. 18 had been sent to a high school in Middletown but for the year 1962-1963 they had been transferred to a different high school in nearby Otisville. The opinion notes also that the annual meeting of District No. 18 was several times adjourned apparently because *354 there was some doubt as to whether these high school students from District No. 18 would again be allowed to take their high school studies in Otisville. On the date originally noticed for the meeting and on several subsequent adjournment days no business at all was taken up but finally at the adjourned meeting of June 3, with a small attendance present, someone wrote on the blackboard “ motion" to go to middletown vote yes ok mo ’ ’, and there was an affirmative vote of 28 to 26. After this became known in the community through newspaper publicity a petition to reconsider the consolidation was circulated among the eligible voters.. A special meeting was asked for and called and the State Commissioner of Education was notified that on June 28, 1963 there would be a special meeting to reconsider the consolidation and asking the State Commissioner to withhold any action on consolidation pending the special meeting. However,, on June 24, as noted above, the Middletown Board of Education adopted a resolution consenting to consolidation with District No. 18 and when the State Commissioner received a copy of that Middletown resolution he, on June 25 as aforesaid, made his order of consolidation, effective July 1. At the adjourned meeting of District No. 18 on June 28 the vote for rescinding the prior motion to consolidate was adopted by a vote of 56 to 24.' The State Commissioner, refusing to withdraw his approval of consolidation, stated that there is no specific provision in the statute for a referendum to reverse a vote taken at a district meeting. The Appellate Division majority opinion commented that initiation of a consolidation proposal at a legal school district meeting pursuant to section 1524 is most unusual and that taking up consolidation at such a regular annual meeting without any prior notice to the voters is a questionable procedure. The ordinary way would be for the Commissioner (under § 1526) to propose consolidation in the first instance (as he had done unsuccessfully "in 1962) and then have it voted on by the districts to be consolidated, which procedure of course means that the voters know in advance that the proposition is coming up at the district meeting.
However, the Appellate Division majority did not base its reversal on a holding that section 1524 was unconstitutional *355 for lack of notice. The actual ground of the Appellate Division reversal was that under subdivision 14 of section 2021 the school district had a right to repeal or modify any of its previous actions, and that the Commissioner himself in other cases had so interpreted the statute. The Appellate Division majority opinion at this point seems to mean that, since the statute gives a district meeting the right to rescind prior action, the State Commissioner acted arbitrarily (citing Matter of Ross v. Wilson, 308 N. Y. 605) when, despite notice of the new meeting and of an impending rescission, he went ahead and signed an order of consolidation. Two of the Appellate Division Justices dissented without opinion.
The State Commissioner’s brief argues that there was not shown any such abuse of his statutory discretion as would justify the court’s intervening. He points out that on the face of section 1524 he had a legal right to sign the order of consolidation as soon as he was informed that the school district and the city board had each voted in favor of consolidation. He then argues that under section 2037 he alone had the right to determine whether the affirmative vote for consolidation was legal and valid. This misses the point since, as we have said above, the Appellate Division’s determination was not that the consolidation vote of the district meeting of June 3 was invalid but that the district had the right at an adjourned meeting to rescind that vote, and that under all the circumstances it was arbitrary for the Commissioner to ignore that rescinding vote and issue his consolidation order when he knew the new meeting was about to be held.
As it seems to us, no major statutory or other legal questions are presented. We assume that the June 3 adjourned meeting at which consolidation was voted was not illegal. We assume also that when the State Commissioner was notified that the rural district and the city board had both voted to consolidate he had power under the statute to issue his order. However, there remains the question as to whether under all the spegial circumstances it was arbitrary for him to issue his order when he had information that a special meeting was to be held in an effort to exercise the district’s power to rescind the consolidation. On balance we favor the Appellate Division majority *356 holding that the Commissioner acted arbitrarily as matter of law, when he in effect ignored the right of the school district to rescind.
The order should be affirmed, with costs.
Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
Order affirmed.