Earl Baird, William H. Keaton and Estelle Slack v. Town of Berlin, Town of Berlin School District, Norbert Towne, Moderator, Albert Leonard, William O'Connor and Roderick Towne, Robert Eastman and Ronald Slayton, Selectmen of Town of Berlin and Intervenors.

[ 231 A.2d 110 ]

April Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 6, 1967

350

*Davis, Martin & Free* for plaintiff.

*Samual C. Fitzpatrick* for defendants.

**Keyser, J.** This is a petition in equity brought to restrain the Berlin Town School District from holding a meeting of the voters for the purpose of reconsidering a vote passed on June 6, 1966. At that meeting the voters by an affirmative vote authorized the school board to purchase the so-called Pike Site, or land, consisting of 25 acres, for the purpose of constructing a new school building thereon.

Following this meeting a group of voters of the school district filed a petition with the clerk of the Town School District requesting that a special meeting be called for the purpose of resubmitting or reconsidering the vote of June 6. As a result of this petition the selectmen of the Town of Berlin warned a special meeting of the Town School District to be held on July 6, 1966. When this proceeding was instituted a temporary injunction was issued which restrained the holding of this special meeting of the town school district.

The plaintiffs are legal voters of the town school district and the only participating defendants are two other legal voters of the district who were permitted to intervene in opposition to plaintiffs' petition.

Hearing was upon the petition and answer, and, on its findings of fact, the court decreed the temporary injunction dissolved and dismissed the petition. Plaintiffs' assignments of error are to Finding No. 11, to the failure of the chancellor to find as requested and to the decree.

[■] A town constitutes a school district excepting any part which is an incorporated school district, 16 V.S.A. §361. The Berlin Town School District embraces and consists of the entire town of Berlin. Hence the statutes, 16 V.S.A. §§361-415, relating to town school districts apply here.

24 V.S.A. §704 reads as follows:

"A warning for an annual or special meeting of a municipality shall, by separate articles, specifically indicate the business to be transacted. Such warnings shall also contain any article or articles requested by a petition signed by at least five per cent of the voters of the municipality and filed with the legislative branch not less than twenty days before the day of such meeting; provided, however, that any petition calling for the submission, reconsideration or rescission of any question previously submitted to the legal voters of said municipality shall be filed not more than thirty days after such previous submission; and provided further, that no question previously submitted to the legal voters of said municipality shall be more than once resubmitted or presented for reconsideration or rescission except by action of the legislative branch."

Finding No. 11 is as follows:

"That action of the Town School Board is not necessary in order that the question requested by the petition be contained in the Articles of Warning of a special meeting and that the Court further finds that Title 24, V.S.A. §704 is not applicable in the instant action in that said question had never been previously submitted to the legal voters of the Town of Berlin and that said statute is not applicable to the present situation in that said statute concerns municipalities and the voters thereof and makes no mention nor is it intended to apply to school districts."

The appellants' position is that, contrary to the court's finding, 24 V.S.A. §704 is applicable to the situation.

[■] The finding "that Title 24 V.S.A. §704 is not applicable" is a conclusion of law but even so, if it is supported by the facts found, it will stand. *Merchants Casualty Co.* v. *Izor*, 118 Vt. 440, 443, 111 A.2d 732; *Thompson* v. *Smith*, 119 Vt. 488, 497, 129 A.2d 638.

The petition to call a special district meeting to reconsider the vote of June 6, 1966 was filed with Mabel Brown, clerk of the town

school district. The plaintiffs contend that the mandate of the above statute was not complied with since the petition was not filed with the "legislative branch" of the district.

■ The school district is a municipality, 1 V.S.A. §126, and is a separate corporate entity from the town. *Dickerman* v. *Pittsford,* 116 Vt. 563, 564, 80 A.2d 529. The legislative branch of the school district is the board of school directors. 1 V.S.A. §135.

Mabel Brown was the town clerk of Berlin and by virtue of 16 V.S.A. §411 she was also the clerk of the town school district. The school board is required by 16 V.S.A. §383 to elect one of its members as the clerk of the board. His only duties, as prescribed by 16 V.S.A. §413, are that he shall "keep a permanent record of all proceedings of the board, and shall make such returns as the state board of education may require and on forms to be prescribed by such board."

■ The function of the clerk of the board is so narrowly circumscribed by the statute, §413, *supra,* it is evident that he acts only in a clerical, or secretarial, capacity.

■ On the other hand, while the statute does not define the duties of the clerk of the school district, we conclude that he acts for the district in a manner similar to that of town clerk for the town. The statute can only be interpreted to mean that the clerk of the school district represents the legislative branch of the district as its agent in a matter of this nature. In such circumstances, Mabel Brown was a proper person with whom the petition in question may be filed for consideration by the "legislative branch" of the school district.

The plaintiffs secondly contend the finding of the court that 24 V.S.A. §704 is not applicable is erroneous for the reason that it is contrary to and not supported by the evidence and is inconsistent with Finding No. 5.

The proviso in 24 V.S.A. §704 provides that "no question previously submitted to the legal voters of said municipality shall be more than once resubmitted or presented for reconsideration or rescission except by action of the legislative branch."

■ The court found that the vote of June 6, 1966 "had never been previously submitted to the legal voters of the town of Berlin." Finding No. 5 finds, in substance, that a petition was filed which requested another special school district meeting be held for the purpose of reconsidering the vote of June 6, 1966. The plaintiffs fail to point

out just what the inconsistency is between these two findings and we are unable to find any.

The plaintiffs point out that "the acquisition of the Pike Site was submitted to and considered by the school district voters" on June 23, 1964, March 2, 1965, May 27, 1965 and June 15, 1965. They only make reference in their brief to plaintiffs' Exhibits Nos. 1, 2 and 3 for the content and nature of such votes.

Our reference to plaintiffs' Exhibit No. 3 shows the question submitted to the voters at the June 6, 1966 meeting was whether the school district would authorize the board of school directors to expend the sum of $14,000.00 from the Conroy Fund to acquire the Pike Site upon which to construct a new school building. The petition filed with the clerk of the school district for a special meeting to be held focused on the reconsideration of this action of the voters.

It is the plaintiffs' contention that the question of the acquisition of the Pike Site had been previously considered four times and that a further consideration of the matter was unauthorized under the priviso of §704, *supra.*

It is sufficient to say that a careful reading of these exhibits referred to, satisfies us that the question voted on in the affirmative on June 6, 1966 is not substantively the same question considered at the other meetings referred to. The articles presented to and voted on at such previous meetings related to (1) the purchase "site #2," (2) the purchase of land "under option," (3) the authorization of a bond issue to buy the Pike site and construct a new school building thereon, and (4) to the purchase of the Pike site for a sum different (larger) than that voted at the June 6, 1966 meeting. The evidence amply supports the finding excepted to by the plaintiffs and it must stand. *Savard* v. *George,* 125 Vt. 250, 254, 214 A.2d 76.

The plaintiffs contend that the selectmen may take only such appropriate action as the school board directs with reference to issuing a warning for a school district meeting. They argue that the only area in which the selectmen are authorized to act in school matters is to temporarily fill a vacancy on a school board and in all other matters they "shall" act only at the direction of the board of directors.

The issuance of a warning for a town school district meeting is not an exercise of authority and control over school matters by the selectmen. They have no such authority or control under the

statutes. The issuance of a warning by the selectmen for a school district meeting acts merely to set the machinery in motion for the holding of the meeting.

16 V.S.A. §362(a) provides:

"(a) Town school district meetings *shall be warned* and opened in the same manner as town meetings." (Emphasis added).

Town meetings are warned as provided by 24 V.S.A. §703, namely:

"A Town meeting *shall be warned by the selectmen* by a notice posted in three public places in the town at least twelve and not more than twenty days before the meeting." (Emphasis added).

The duties of the school directors are set forth in 16 V.S.A. §386. There is no grant therein to the town school district of the power and authority to warn a town school district meeting. However, the selectmen must include in a warning for a town school district meeting such articles as the school directors request. 16 V.S.A. §362(d). This statute was passed by the 1963 legislature and its action demonstrates a clear intent to continue the withholding from the school directors of the power to warn town school district meetings.

It is evident that the legislature did not intend what the plaintiffs claim. To so construe the above statutes would be placing an interpretation upon them which is not possible from the language used and would grant by legal decision a power to the school directors which has long been withheld by the legislature. From the statutes and the plain language used therein, we find no power in the town school directors to legally warn a town school district meeting. This power rests solely with the selectmen.

Here, we have a petition of certain voters filed with the clerk of the town and town school district requesting that a special meeting be warned for the purpose of reconsidering the vote of June 6, 1966 authorizing the purchase of the Pike land. The selectmen, under the circumstances shown in this case, had no option as to whether or not they would warn the meeting requested. The language of 24 V.S.A. §704 makes it mandatory that the selectmen act on the petition by warning the meeting requested and indicate the business to be transacted.

It is only when the question for consideration has been more than once resubmitted to the voters that the selectmen shall not warn the meeting "except by action of the legislative branch" of the school district. Such situation does not exist here.

Being duty bound to act, the selectmen properly issued the warning without regard to any action, or request, by the board of school directors concerning the petition. And the fact that the petition was filed with the clerk of the school district is of no consequence since this was a technical, if not a substantial, compliance with the statute, the matter presented being one within the purview of the selectmen.

We think it well to point out that had the legal defects alleged by the plaintiffs for the purpose of attacking the validity of the proposed meeting been supported, they would have been fatally flawed and the action a nullity. When such grounds are advanced for obstructing a public proceeding, the propriety of the issuance of an injunction is open to question. Certainly, a litigant has not satisfied the burden of demonstrating he will sustain irreparable harm and injury if all he shows is that the meeting if held would be without legal effect.

Courts of equity should not enjoin elections except in the most serious situations or having a constitutional complex. The plaintiffs' complaint fails to indicate that such a condition exists. 26 Am. Jur. 2d, Elections, §201. See also *Rixford* v. *Town of Highgate,* 102 Vt. 1, 6, 144 A. 680.

The findings are supported by substantial evidence and the decree based thereon is without error.

*Decree affirmed.*