# Richard Pominville, Francis C. Broughton, William Holdman, Thomas H. Dwyer, Deacy F. Leonard, Daniel K. C. Zee, et al. v. Addison Central Supervisory Union—Middlebury Union High School District #3

[575 A.2d 196]

No. 89-156

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed May 4, 1990

*Olin R. McGill Jr.*, Middlebury, for Plaintiffs-Appellants.

*Kelley, Meub, Powers & English, Ltd.*, Middlebury, for Defendant-Appellee.

**Morse, J.** We decide in this appeal that a union school district budget may be established by Australian ballot only as proposed by its school board upon affirmative vote at the annual or subsequent meeting. 16 V.S.A. § 711a. We affirm the judgment of the Addison Superior Court, which dismissed the action on the merits.

The Middlebury Union High School District #3's annual budget for the 1989–90 school year was duly warned for a vote by Australian ballot to be conducted on Town Meeting Day, Tuesday, March 7, 1989. On January 25, 1989, a petition signed by approximately ten percent of the district's voters was presented to the school board requesting that an article be included in the warning proposing a lower budget than the one

proposed by the board.[1] The board declined to place plaintiffs' petition in the warning of the March 7 meeting. Plaintiffs then brought suit to compel the board to include the petitioned article in the business of the meeting. Injunctive relief was denied by the trial court, the complaint was dismissed, and this appeal followed.

Plaintiffs premise their argument on the statute authorizing five percent of the voters to compel by petition a municipality to place an article in the warning of the annual town meeting. 17 V.S.A. § 2642(a).[2]

Against the general authority of § 2642(a), the Legislature has enacted specific procedures for voting on school budgets by Australian ballot. 16 V.S.A. § 711e (referencing the procedures set forth in 17 V.S.A. § 2680 for local elections using the Australian ballot system). Of particular relevance to this appeal, § 711e(f) provides:

> If the proposed budget is rejected, the union district board shall prepare a revised budget. The board shall establish a date for vote on the revised budget, and shall take appropriate steps to warn the vote. The date of the vote shall be at least seven days following the public notice. The vote on the revised budget shall be by Australian ballot and shall take place in the same locations that the first vote was

---

[1] The petition read:

We, the registered voters of the Town of _____, a member of the Middlebury High School District #3, do hereby petition that the following Article be included in the Warning for the purpose stated, to be voted on Town Meeting Day, March 7, 1989, by Australian Ballot:

Article _____ If the vote on the proposed submitted budget by the Middlebury Union High School Board is decided in the negative, will the voters of Middlebury Union High School District #3 authorize its Board of Directors to expend a sum of money not exceeding $6,489,200.00 to defray current expenses for the ensuing year and to pay outstanding orders and obligations?

[2] Section 2642(a) states:

The warning shall include the date and time of the election, location of the polling place or places, and the nature of the meeting or election. It shall, by separate articles, specifically indicate the business to be transacted, to include the offices and the questions to be voted upon. The warning shall also contain any article or articles requested by a petition signed by at least five percent of the voters of the municipality and filed with the municipal clerk not less than 40 days before the day of the meeting.

taken. The budget shall be established if a majority of all votes cast are in favor. If the revised budget is rejected, the board shall repeat the procedure in this subsection until the budget is adopted.

Plaintiffs maintain, however, that the Legislature also provided that "[u]nless *clearly* inconsistent, the provisions of chapter 55 [§§ 2630–2689] of Title 17 shall apply to actions taken under this section [16 V.S.A. § 711e]." 16 V.S.A. § 711e(g) (emphasis added). They argue that since 17 V.S.A. § 2642(a) is a provision of chapter 55 of Title 17 and not "clearly inconsistent" with 16 V.S.A. § 711e(f), § 2642(a) should control and their petitioned article should be included in the warning. We reject this argument because § 711e is sufficiently inconsistent with § 2642(a) so that the procedure specified in § 711e must control the establishment of a school budget by Australian ballot.

Plaintiffs point to the fact that the words "If the proposed budget is rejected" in § 711e(f) do not require that the school board propose the budget. They say the budget could be "proposed" by those who sign the petition envisioned by § 2642(a).

Section 711e(f) must be read in pari materia with the rest of the statutory scheme dealing with the creation of school budgets. 16 V.S.A. § 706q(c)(2) dictates that the school board shall prepare an annual report including the "budget proposed for the next year" to be distributed before the annual meeting. Section 711a requires the school board "at each annual meeting [to] present an estimate of the expenses for the ensuing year" and § 711e(c) requires the question, when voted by Australian ballot, to be substantially as follows:

"Shall the (union school district name) adopt a budget of $_____.00 for school year _____?"

We cannot reconcile plaintiffs' petition with § 711e(f). Section 711e(f) describes the procedures that must be followed in the event that the school board's first budget proposal is defeated. Simply put, if we were to grant plaintiffs' request that their proposal be included on the ballot as an alternative to the school board's, and the voters approved plaintiffs' proposed alterna-

tive, the procedures in § 711e(f) would have been ignored and the will of the Legislature defeated.

It is apparent that the Legislature did not want to risk having a school budget gutted by what our Court has called "'the uncertain disposal of the "fierce democracie."'" *Buttolph v. Osborn*, 119 Vt. 116, 119, 119 A.2d 686, 688 (1956) (quoting *Chittenden v. School District No. 1*, 56 Vt. 551, 554 (1884)). If a budget proposed by the entity charged with running the school is defeated by the voters, the statute calls for a budgetary revision by the same entity. This is a commonsense balanced approach to resolving competing interests by giving recognition both to the expertise of the board and the taxing concerns of the community.

Since the article proposed by plaintiffs was for an "unlawful purpose," the board correctly refused to include it in the warning of the town meeting. See *Royalton Taxpayers' Protective Assoc. v. Wassmansdorf*, 128 Vt. 153, 160, 260 A.2d 203, 207 (1969).

*Affirmed.*

**Allen, C.J.,** dissenting. The Court concludes that 16 V.S.A. § 711e(f) is "sufficiently inconsistent" with 17 V.S.A. § 2642(a) to bar the provisions of chapter 55 of Title 17 from applying to actions taken under § 711e. But § 2642(a) applies to actions under § 711e "[u]nless *clearly* inconsistent" with them, and no clear inconsistency has been demonstrated or is apparent.

The defendant must demonstrate a clear inconsistency between § 711e and § 2642(a), and it has fallen far short of doing so. "Inconsistent" statutory provisions are ones that cannot coexist and cannot be logically and effectively applied to the same circumstances or conditions. See *State ex rel. Dade County v. Brautigam*, 224 So. 2d 688, 692 (Fla. 1969) (provision of state constitution giving petitioner county municipal taxing powers was not inconsistent with general law applicable to counties, limiting such tax). Differences between two provisions, without more, will not render them "inconsistent." *Town of Clifton Park v. C.P. Enterprises*, 45 A.D.2d 96, 98, 356 N.Y.S.2d 122, 124 (1974) ("To define the word 'inconsistent' narrowly as mean-

ing merely 'different' would vitiate the flexibility of home rule . . . .").

Plaintiffs' petition, if allowed and then adopted by the voters, would yield a budget figure without the necessity for the board to prepare a revised budget and a subsequent vote, as prescribed in § 711e(f). It is circular to argue that such result is clearly inconsistent with § 711e(f) simply because it is different. The Legislature invited the possible application of § 2642(a) to the § 711e process, and while it did elaborate a detailed procedure to follow when a budget is defeated—as it was required to do if the statute were to deal with all eventualities—the Court has cited no compelling reasons of language or policy why that process could not be supplanted by another, different process via the alternative of § 2642(a). If the board's budget were adopted, the petitioners' article would be extraneous. If the board's budget were defeated, the petitioners' article would apply if passed. If both the budget and the petitioners' article failed to be passed, the § 711e(f) process would go forward.

The Court opinion, then, is left at base with its policy arguments—speculation that the Legislature would not want the carefully delineated budgetary process upset by rampant democracy. 154 Vt. at 302, 575 A.2d at 197. On the contrary, it is an equally likely reading of § 711e(g) that the Legislature intended to allow local democracy to work its will, even if the local petition process might be awkward and clumsy, compared to the more orderly regimen contemplated in § 711e(f).

It is also within reason that § 2642(a), far from being "clearly inconsistent" with § 711e, was intended by the Legislature to break the impasse that is possible—and not uncommon—when boards and voters in the school district repeatedly fail to agree on the amount to be appropriated. This problem in these districts might well be avoided if the voters were permitted to warn and vote upon an amount they deemed appropriate at the outset.

My speculations about legislative intent may also be wide of the mark, but the issue before the Court is not whether the Legislature in fresh debate would prefer the policies the Court propounds to the alternatives I am suggesting. The narrow is-

sue is whether plaintiffs' ballot initiative was "clearly inconsistent" with the language of § 711e(f), and neither defendant nor the Court has suggested any basis for concluding that any such inconsistency exists.

I would reverse the judgment of the Addison Superior Court and remand the matter for entry of an order consistent with these views.