## Amedeo Santi, et al. v. Roxbury Town School District, et al.

[685 A.2d 301]

No. 96-093

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed September 27, 1996

*Ann Danseyar Gelfon*, Roxbury, for Plaintiffs-Appellants.

*Anthony B. Lamb* and *Mary L. Desautels, Law Offices of Anthony B. Lamb*, Burlington, for Defendants-Appellees.

**Dooley, J.** Plaintiffs, voters of the Town of Roxbury, seek an injunction to compel the Roxbury Town School District to hold a second reconsideration vote on the 1995 school budget. The Washington Superior Court held that a second reconsideration vote was not available to them. We affirm.

The town's school budget was first voted by conventional ballot at town meeting on March 7, 1995. The voters at the meeting approved

the following question: "Shall the Roxbury Town School District vote a sum of money in the amount of $897,084.00 for current expenses of which $482,074.00 is to be raised from property taxes?"

On March 21, 1995, more than five percent of the qualified voters of the town filed a petition for reconsideration. On May 24, 1995, the town convened a special school district meeting to vote upon the reconsideration petition. By conventional ballot, a majority of the voters present voted to reconsider the budget.

As a result of the reconsideration vote, the school board revised the school budget and resubmitted it to the voters for approval. On July 19, 1995, by Australian ballot, the voters disapproved a revised budget in an amount of $871,799 for current expenses, of which $477,188 was to be raised from property taxes. The school board again revised the budget and resubmitted it to the voters. On September 12, 1995, by Australian ballot, the voters disapproved a budget of $825,742, with $431,131 to be raised from property taxes.

On October 26, 1995, again by Australian ballot, the voters approved the following question: "Shall the Roxbury Town School District vote to approve a revised budget in the amount of $815,758.00 for current expenses, of which $421,147.00 is to be raised from property taxes?"

On November 16, 1995, more than five percent of the voters filed a petition for a reconsideration vote on the question adopted on October 26th. The refusal of the school district to schedule the reconsideration vote led to this litigation.

On January 16, 1996, plaintiffs sued the Roxbury Town School District, three members of the school board and the tax collector for the Town of Roxbury seeking an injunction preventing any tax collection while the suit was pending, preventing expenditures in excess of the district borrowing authority, and requiring the reconsideration vote demanded. The court dismissed the tax collector as a defendant[1] and added the members of the selectboard. After hearing, the court dismissed the action, concluding that plaintiffs had no right to a second reconsideration vote.

The question of whether plaintiffs are entitled to a new reconsideration vote turns on the proper construction of two statutes. 16 V.S.A. § 711e sets forth the procedure when a school district elects to have its budget determined by Australian ballot, as has occurred

---

[1] In view of our disposition, we do not reach plaintiffs' claim that the dismissal of the tax collector was error.

here. Under this section, the "budget shall be established if a majority of the votes cast are in favor." *Id.* § 711e(d) & (e). If the budget is rejected, the board must "prepare a revised budget" and resubmit it to the voters, repeating the process, if necessary, until a budget is adopted. *Id.* § 711e(f). Two general provisions are important: (a) the vote occurs "under the provisions of section 2680 of Title 17," *id.* § 711e(a), and (b) "[u]nless clearly inconsistent, the provisions of chapter 55 of Title 17 shall apply to actions taken under this section," *id.* § 711e(g).

17 V.S.A. § 2680, part of Vermont's general election law, provides for Australian ballot in terms entirely consistent with 16 V.S.A. § 711e. Within chapter 55 of Title 17, however, is the statute relied upon by plaintiffs, 17 V.S.A. § 2661(b):

> (b) Where a petition signed by not less than five percent of the qualified voters of a municipality requesting reconsideration or rescission of a question considered or voted on at a previous annual or special meeting is filed with the clerk of the municipality within thirty days following the date of that meeting, the legislative body shall provide for a vote by the municipality in accordance with the petition within sixty days of the submission at an annual or special meeting duly warned for that purpose.

It is followed by a proviso relied upon by defendants:

> (c) A question voted on shall not be presented for reconsideration or rescission at more than one subsequent meeting within the succeeding twelve months except with the approval of the legislative body.

*Id.* § 2661(c).

Plaintiffs argue that 17 V.S.A. § 2661(b)[2] governs and gives them a right to the reconsideration vote because (a) the right to reconsideration is not "clearly inconsistent" with the provisions of 16 V.S.A. § 711e and therefore applies to the school district by virtue of § 711e(g), and (b) the question of the budget amount of $815,758, as

---

[2] Section 2661(b) applies to questions voted on "at a previous annual or special meeting." According to plaintiffs' theory, however, the "question" was voted on October 26, 1995 by Australian ballot without a meeting. Defendants have not contested the application of § 2661(b) on this basis. We also note that in 1992 the Legislature added a form of ballot for reconsideration by Australian ballot, thus indicating that this method of reconsideration was expected. See 17 V.S.A. § 2661(d).

adopted on October 26th, had never been presented for reconsideration before, and therefore, § 2661(c) does not apply. Defendants respond that (a) the right to reconsideration under 17 V.S.A. § 2661(b) is "clearly inconsistent" with provisions of 16 V.S.A. § 711e because that section provides that the "budget shall be established" if a majority of voters approve it, and (b) the "question" being voted on is the budget for the 1995-96 school year so that § 2661(c) prohibits a second reconsideration of that question without approval of the legislative body. We agree with defendants in part.

The first issue is whether the right of reconsideration is clearly inconsistent with the provisions of 16 V.S.A. § 711e, particularly the language that the "budget shall be established" if voted by a majority of those voting. We considered a comparable question in *Pominville v. Addison Central Supervisory Union*, 154 Vt. 299, 575 A.2d 196 (1990). There, voters sought to require the school district to present to the voters an alternative school budget, different from that being presented by the school board. They claimed the right to do so under 17 V.S.A. § 2642(a), authorizing five percent of the voters to place an article on the agenda of the annual meeting. We rejected this provision, concluding that the provisions of § 711e were sufficiently inconsistent with a general referendum right that § 711e had to control. Specifically, we held that provisions of § 711e gave the school board control over the questions to be put to the voters and the referendum right was inconsistent with that control. *Pominville*, 154 Vt. at 301, 575 A.2d at 197. We reasoned:

> [T]he Legislature did not want to risk having a school budget gutted by what our Court has called "'the uncertain disposal of the "fierce democracie."'" *Buttolph v. Osborn*, 119 Vt. 116, 119, 119 A.2d 686, 688 (1956) (quoting *Chittenden v. School District No. 1*, 56 Vt. 551, 554 (1884)). If a budget proposed by the entity charged with running the school is defeated by the voters, the statute calls for budgetary revision by the same entity. This is a commonsense balanced approach to resolving competing interests by giving recognition both to the expertise of the board and the taxing concerns of the community.

*Id.* at 302, 575 A.2d at 197-98.

Although many of the concerns expressed in *Pominville* are present here, we cannot find that the right of reconsideration is clearly inconsistent with the provisions of § 711e. The risks from

reconsideration are not as great as from referendum, and the statutory inconsistency is less clear. The statute can be taken to mean that the budget is established if a majority of the voters approve at the final vote, whether that is on first consideration or reconsideration. We agree with plaintiffs that the provisions of 17 V.S.A. § 2661(b) apply.

We must, therefore, consider whether the reconsideration vote sought by plaintiffs is authorized by 17 V.S.A. § 2661(b) and not barred by § 2661(c). It is helpful, at the outset, to look at how we have treated reconsideration votes in the past.

As early as 1850, in the absence of clear statutory direction, we recognized the right of a town to reconsider a vote of its citizens. *Stoddard v. Gilman*, 22 Vt. 568 (1850). In *Stoddard*, the citizens of the Town of Westmore had voted to spend $500 for making roads, and thereafter, on reconsideration rescinded the appropriation. This Court upheld the reconsideration vote:

> A vote to raise money for town purposes is a mere declaration, or resolution, on the part of the town alone, and not in the nature of a grant, or contract between the town and an individual. . . . So long as this rests in mere resolution, and has not been acted upon, we think the town must have the power to rescind or reconsider it. Until something has been done under the vote, the town are alone interested in it, and may alter their resolve at their own pleasure.

*Id.* at 573. More recently, we reiterated this holding in *Denicore v. City of Burlington*, 116 Vt. 138, 140, 70 A.2d 582, 584 (1950), summarizing that "voters have the unlimited right of rescission in the absence of legislation and where the rights of third parties have not vested or intervened." *Id.* at 145, 70 A.2d at 586. Other courts have applied this limited rule even where legislation specifically recognized the right of reconsideration. See, e.g., *Ogden v. Allen*, 200 N.E.2d 559, 561 (N.Y. 1964).

The general principles reflected in *Stoddard v. Gilman* have meaning today although the complexities of modern life present the conflicting considerations in a different context. There is necessarily a tension between the democratic principles supported by allowing reconsideration and the need for finality if the district is to deliver the educational services upon which its families depend. In the absence of an approved budget on or before the start of the fiscal year on July

1st, the school district is authorized to borrow funds to operate, but only "up to 87 percent of the most recently approved school budget." 16 V.S.A. § 566. See also 16 V.S.A. § 711a(b).

An endless cycle of votes and reconsiderations, as the result is determined by which of a divided electorate shows up at the polls on any day, gives no weight to the need for finality. A school district is a living organism that must open and run its schools irrespective of the fiscal indecision of its electorate. Inevitably, as the process drags on and the school year passes, the budget is determined by the limited borrowing authority and not the will of the electorate. The rights of innocent third parties, led by the children to be educated by the district, are inextricably involved.

Plaintiffs argue that despite these considerations, we have already construed the statute in *Baird v. Town of Berlin*, 126 Vt. 348, 231 A.2d 110 (1967), and that that decision requires that they prevail. *Baird* involved an earlier version of the reconsideration statute and a vote on an authorization for a town school board to purchase land for a school. The plaintiffs sought reconsideration of the vote, and the defendants argued that because of earlier votes the plaintiffs were in effect seeking a second reconsideration, which was barred by the statute. We rejected the argument, noting that earlier votes related to the purchase of a differently described site, purchase under option, authorization of a bond issue to purchase the site and build a school on it, and a higher price. *Id.* at 353, 231 A.2d at 114.

We do not believe *Baird* governs this case. *Baird*, like *Stoddard v. Gilman*, involves a single discrete expense, and not the operating budget of the school district. Thus, the intervening effects on other persons are not involved, as they are here. Moreover, nothing in *Baird* states that a difference of price alone would have been sufficient to allow another reconsideration vote. It was the combined effect of numerous differences in the proposal that caused us to hold that the reconsideration request was "not substantively the same question considered at the other meetings referred to." *Id.*

We construe a statute consistent with its purpose, subject matter, effects and consequences, and the reason and spirit of the law. See *In re Spring Brook Farm Found.*, 164 Vt. 282, 287, 671 A.2d 315, 318 (1995). We avoid construing statutory language in a way that produces an irrational result. *State v. Quinn*, 165 Vt. 136, 140, 675 A.2d 1336, 1338 (1996). Consistent with these principles, we hold that the term "question voted on," as used in 17 V.S.A. § 2661(c), means the budget of the school district and is not changed as different budget

amounts are submitted to the voters. Since there has been one reconsideration vote of the 1995-96 Roxbury school budget, § 2661(c) prevents further revotes without the approval of the legislative body of the district. The legislative body has not approved the reconsideration vote sought by plaintiffs, and therefore, it is barred by § 2661(c).

*Affirmed.*