JONATHAN T. DUNSHEE *vs.* PHINEHAS STEARNS.

A security for costs, by way of recognizance, upon a writ of replevin for animals taken *damage feasant.* and impounded, is not necessary ; such writ, though a summons, not being within the meaning of the act of 1822.

THIS was a writ of replevin, to replevy animals taken *damage feasant*, and impounded.

The defendant pleaded in abatement, that the plaintiff had not given security for costs of prosecution, in the same manner as is provided in the case of the issuing of writs of attachment, agreeably to the act of the 25th *October*, 1822.

Demurrer and joinder in demurrer.

SKINNER, Ch. J. delivered the opinion of the Court.

The defendant pleads in abatement to this action, which is replevin, for property taken *damage feasant*, and impounded ; because no security for costs, in the form required by the act of 1822, in case of the issuing writs of summons, is given by the plaintiff. The exclusive object of this statute is, to secure costs to the defendant. This being the object, and as it is an act in *addition* to the judiciary act, it will not be presumed as intended to apply to any other writ or process than such as is embraced in the act to which it is in addition.

By the judiciary act, the plaintiff, not being a freeholder, is required to give security for costs, whether the process is summons or attachment; but if he is a freeholder, and the process is summons, no such bond is required. It is evident the legislature supposed the defendant would be secure in his costs, in case the plaintiff was a freeholder, and the process a summons; and why bonds for prosecution should have been required, in case of attachment, the plaintiff being a freeholder, is not perceived, unless indemnity for something beyond the costs was contemplated : yet the construction has been, that costs, only, were secured by the recognizance. It was found in many cases, that the plaintiff, though a freeholder, was unable to respond the costs; and it was considered that the claims of the defendant, to be secure in his costs, were as just, where the process against him was by summons, as by attachment. And by the act of 1822, the legislature have required security alike for costs in both cases.

This statute requires bonds for prosecution to be given, although the plaintiff may be a freeholder, upon all such process as may be issued, and upon which the person applying therefor, not being a freeholder, is by the 44th section of the judiciary act, required to give security for costs. The question is, did the legislature, by the act of 1822, intend to require security for costs to be given upon any other than the ordinary process of summons and attachment.

The words of the 44th section above referred to are, *"any process whatever to summons or attach"*---those of the statute of 1822,

*Franklin,*
*January,*
*. 1826.*

*Dunshee*
*vs.*
*Stearns.*

are, "no writ of *summons* shall be issued, &c."----No one can for a moment doubt, that all process which can be reached by any construction of the latter statute, is embraced by the broad and comprehensive language of the former.

It has never been considered necessary for the plaintiff, in *replevin,* to give the security for costs required by the judiciary act; and I believe the construction has been, to limit its application to ordinary process. It cannot be supposed, that all such process as may be considered to fall under the general denomination of *summons,* was intended; and, in most cases, where extraordinary process is provided for, the statute has required and pointed out the object and form of giving bonds. And in this case, the authority issuing the process, is required to take sufficient bond, with good securities, conditioned to *prosecute,* and to pay all such damages, *costs* and charges, as shall be awarded. Other bonds for prosecution, and for costs, must be wholly useless; and it would be as absurd to suppose the legislature intended it, as to permit the party to prosecute both for the same object.

*Respondeas ouster* awarded.

*B. Swift* and *J. Smith,* for the plaintiff.

*L. B. Hunt,* for the defendant.