PERLEY R. RUSSELL *v.* SHIRLEY LUND

May Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed October 3, 1944.

*Harry B. Amey* for the plaintiff.

*Arthur L. Graves* for the defendant.

Sherburne, J. This is an action of replevin brought under the provisions of P. L. 1910. The writ was served by the sheriff, and he certified in his return that the value of the property replevied was sixty dollars, and returned the writ to the Essex Municipal Court. The defendant appeared specially and seasonably moved to dismiss upon the grounds hereinafter mentioned. A hearing was held upon this motion 14 days after the return date, and at a much later date the motion to dismiss was granted, and judgment was entered dismissing the action, ordering the return of the property and awarding damages and costs to the defendant, to all which the plaintiff excepted.

We will take up the grounds of the motion to dismiss in the order briefed by the defendant. The writ was signed by Victor O. Lucas as assistant judge of Essex County Court, and it is objected that it was not issued by a justice of the peace or out of a

municipal court as required by P. L. 1919, and that it was not signed as provided by that section. P. L. 1919 provides that, in actions of replevin commenced under the provisions of P. L. 1910, the writ shall be issued by a justice of the peace or out of a municipal court; and, if it appears from the certificate of the officer in his return that the value of the property replevied does not exceed twenty dollars, such writ shall be returned to the court that issued it; but if the value of the property so certified in such a writ issued by a justice of the peace exceeds twenty dollars, such writ shall be returned to a municipal court, provided there is such a court within the county, otherwise to the county court; but if the value of the property so certified in such a writ issued by a justice or out of a municipal court exceeds one hundred dollars, such writ shall be returned to the county court. P. L. 1920 provides that such writ shall state the time when the defendant may be required to appear before the court that issued it and also the time the defendant may be required to appear before the municipal court, and also the time within which he may be required to appear before the county court, and that he shall appear before the court to which the writ is returnable as provided in P. L. 1919 and at the time stated in respect to that particular court. The form of the writ prescribed by statute (P. L. 9111, Form 12) commands the officer to make return of the writ to, and summon the defendant to appear before, such court as shall be determined by the value of the property as shown by his certificate, as follows: (1) If the value of the property exceeds one hundred dollars, or if the value of the property exceeds twenty dollars and there is not a municipal or city court within the county, the county court. (2) If the value of the property exceeds twenty dollars and does not exceed one hundred dollars, the municipal or city court, provided there is such a court in the county. (3) If the value of the property does not exceed twenty dollars, the justice or the municipal or city court that issued the writ. The writ in the instant case does not contain the direction that appears in sub-division 3 of the statutory form.

The foregoing ground of the motion presents a situation much like that in *Middlebury College* v. *Cheney*, 1 Vt 336, 350. There an acknowledgment to a deed was taken before Royal Tyler as Judge of the Supreme Court, and the deed was objected to be-

cause he did not take the acknowledgment as justice of the peace. The deed was held to be sufficiently acknowledged, the Court saying: "The constitution of this state makes every Judge of the Supreme Court, ex officio, Justice of the peace throughout the state. Possibly the better course for them would be, to sign in that capacity in which they act. But, when such a judge does an act which should be done as justice of the peace, and he signs as Judge of the Supreme Court, that, ex vi termini, carries with it justice of the peace also." The same provision of our Constitution, Chap. II, Section 28, provides that the several judges of the county courts shall be justices of the peace in their respective counties, by virtue of their office, except in the trial of such causes as may be appealed to the county court. Consequently when an assistant judge of the county court does an act in his county which should be done as justice of the peace, and he signs as assistant judge of the county court, that likewise carries with it justice of the peace also, except in the trial of such causes as may be appealed to the county court. See *Watson* v. *Payne,* 94 Vt 299, 111 A 462. The return of the sheriff serving the writ, which is a part of the record (*Fisk* v. *Wallace,* 51 Vt 418), shows that the value of the property replevied was $60.00, so under P. L. 1919, only the municipal court had jurisdiction, and Judge Lucas as an ex officio justice of the peace had no jurisdiction to try the cause. Hence it was not such a cause as could be appealed from his decision.

But it is here objected that although Judge Lucas may have signed the writ as a justice of the peace he never issued it, because it was not made returnable before himself, as provided in P. L. 1919 and 1920, in case it appeared from the certificate of the officer in his return that the value of the property replevied did not exceed twenty dollars, and that consequently the writ was void, and never issued because not issued according to law. The writ was defective in this respect, but it was not void, it was merely voidable and was valid until properly attacked. Voidable process includes all defective process where the defect is of such nature that it is capable of being amended, and is valid until attacked, and an amendment is allowable where the process, although irregular, is sufficient to give jurisdiction—where there is anything to amend by; that is, where it can be clearly determined from the process itself what was intended. *Howe* v. *Lisbon Savings Bank,* 111 Vt 201, 208, 14 A2d 3; *Elwell* v. *Olin,* 99 Vt 460, 462, 134 A 592.

So long as such a writ is made returnable to a court which has jurisdiction as shown by the officer's certificate in his return of the value of the property replevied, it is hard to see how the defendant can be prejudiced. From such a writ and the return it can be clearly determined what was intended. The defendant knows where and when to appear and defend. The failure to make the writ returnable to the other courts named, which the officer's certificate shows have no jurisdiction, is only a matter of form, and can be cured by amendment. Of course, if there were no direction to return to a court having jurisdiction as shown by the officer's certificate the writ would be void and unamendable. The motion says nothing about such defect in the writ and merely says that the writ was not issued by a justice of the peace. On this ground of the motion we are not concerned with the defect in the writ. When Judge Lucas signed this writ and turned it over to an officer for service it was issued by a justice of the peace.

Another ground of the motion to dismiss is that the writ is not directed to any sheriff or constable in the State as directed by P. L. 1493 and 1928. This defect is only a matter of form, and plaintiff's motion for leave to amend, which was denied as a matter of law, should have been granted. In *Chadwick* v. *Divol,* 12 Vt 499, 503, the writ was served by the sheriff of Orleans County when it was directed only to the sheriff of Orange County. An amendment was granted so as to prevent an abatement, and *Hearsey* v. *Bradbury,* 9 Mass 95, was cited. In that case the writ was directed to the sheriff or his deputy. Service was made by a constable who had authority by law to serve the writ. The defect was held to be but a matter of form and amendable. It is said in *Stewart* v. *Martin,* 16 Vt 397, 401, "The authority of an officer to serve a writ does not depend on the direction." See also *Cooper* v. *Ingalls,* 5 Vt 508, 512.

The last ground of the motion which the defendant briefs is that the writ bore no recognizance for costs as required by P. L. 1492. In *Stoddard* v. *Gilman,* 22 Vt 568, 571, 572, a motion to dismiss a replevin suit for want of a recognizance for costs was held correctly overruled, the Court saying: "In all the classes of replevin suits, provided for by our statute, the plaintiff is required, before his writ is served, to give a bond to the defendant with sufficient surety, in double the value of the property to be replevied, one of the conditions of which bond is to pay all such costs, as

the defendant may recover in the suit against him. This was doubtless intended to be the only security for costs, which the plaintiff is required to give, and to stand in the place of the recognizance, required in ordinary cases. The action of replevin was indeed known at common law; but the whole form of proceeding, in the commencement and subsequent proceedings, in this state, is regulated by statute; and as no other security, except the bond, is required by the statute itself, or the prescribed form given by the statute, none other need be furnished. Such has been the uniform practice in this form of action, so far as we have any knowledge. Under our old statute, which was similar to the present in this respect, it was held that no recognizance for costs was necessary. *Dunshee* v. *Stearns,* 1 Aik. 149." We quote from *Dunshee* v. *Stearns, supra,* as follows: "It has never been considered necessary for the plaintiff, in replevin, to give the security for costs required by the judiciary act; and I believe the construction has been, to limit its application to ordinary process. It cannot be supposed, that all such process as may be considered to fall under the general denominations of summons, was intended; and, in most cases, where extraordinary process is provided for, the statute has required and pointed out the object and form of giving bonds. And in this case the authority issuing the process is required to take sufficient bond, with good securities, conditioned to prosecute, and to pay all such damages, costs and charges, as shall be awarded. Other bonds for prosecution, and for costs, must be wholly useless; and it would be as absurd to suppose that the legislature intended it, as to permit the party to prosecute both for the same object."

*Stoddard* v. *Gilman, supra,* was decided in 1850 under the provisions of the Revised Statutes. In the respects here involved there have been no material changes in the statutes up to the present time except in the statutory form of a replevin writ. R. S. chap. 28, section 5 relative to the requirement of a recognizance is continued in P. L. 1492. R. S. chap. 30, sections 3 and 16 relative to the conditions of a replevin bond are continued in P. L. 1921. Until the Vermont Statutes of 1894 there is no mention of a recognizance in the statutory form. V. S. 5417, Form 11 at the conclusion of the form of a writ of replevin has this: "Conclusion, date, signature and recognizance as in form 1." Form 1 is that for a writ of attachment and capias with the usual recognizance for

22

costs at the end. Beginning with G. L. 7472, Form 12 the recognizance is printed at the end of the form as in P. L. 9111, Form 12.

▮▮▮ Although the forms given in P. L. 9111 may be resorted to in the construction of a doubtful statute, as in the case of *Dunn* v. *Dunn,* 96 Vt 44, 116 A 113, they do not control where the statute is unambiguous. For example, Form 17 for a warrant in the case of forcible entry and detainer does not contain a recognizance for costs, yet a recognizance is required. *Whittaker* v. *Perry,* 37 Vt 631. Such ambiguity as there may have been about a recognizance in a replevin writ was resolved by *Stoddard* v. *Gilman, supra,* and *Dunshee* v. *Stearns, supra,* and since the decision of the former case the applicable statutes have been repeatedly re-enacted in all subsequent revisions of the statutes in the same or substantially the same terms. Under such circumstances the Legislature is presumed to have been familiar with their construction, and to have adopted it as a part of the law, unless it expressly provided for a different construction. *In re Estate of Wooley,* 96 Vt 60, 64, 117 A 370; *Brace* v. *Hulett,* 109 Vt 360, 366, 196 A 742. We do not know how or why a recognizance happened to be added to the form for a replevin writ, but, in the absence of an amendment to the statute relative to the conditions of a replevin bond, we do not think that the Legislature intended to require a recognizance. For the reasons stated in the quotation from *Dunshee* v. *Stearns, supra,* it would be absurd to suppose that the Legislature so intended, and since the consequences and the natural and reasonable effect of a proposed construction are to be considered in ascertaining the legislative intention, a construction leading to an absurd consequence must always be avoided if possible. *Brammall* v. *Larose,* 105 Vt 345, 349, 350, 165 A 916; *Brace* v. *Hulett, supra; State Highway Board* v. *Gates,* 110 Vt 67, 72, 1 A2d 825; *In re Swanton Market Area,* 112 Vt 285, 292, 23 A2d 536. We hold that no recognizance was required.

▮ The court in granting the motion to dismiss stated that it did so upon the foregoing grounds. For the reasons stated this was error. But it is urged in defendant's brief that, because at the hearing on the motion to dismiss the defendant pointed out that the replevin bond contained no condition for costs as required by P. L. 1921 and 9111, Form 15, and urged it as an additional ground for dismissing the suit, that ground is now available in support of the judgment. This was a defect that could be waived, and

was waived, by the failure to plead it within the time allowed for dilatory pleading. *Murphy* v. *Punt,* 107 Vt 421, 423, 424, 180 A 886; *Shapiro* v. *Reed,* 98 Vt 76, 79, 80, 126 A 496; *Tripp* v. *Howe,* 45 Vt 523; *Wilder* v. *Stafford,* 30 Vt 399. As said in *Wade* v. *Wade's Admr.,* 81 Vt 275, 280, 69 A 826, 827: "A plaintiff is entitled as of right to the overruling of a motion to dismiss unseasonably filed for any defect that can be waived; and this is on the ground that the defendant's failure to raise the objection at the earliest opportunity is a waiver of the defect." After such defect had been waived by failure to plead it seasonably it afforded no legal ground for a dismissal in the court below, and affords no legal ground for the affirmance in this Court of the judgment below.

The defendant's brief calls attention to the fact that the writ requires a bond in the sum of one hundred twenty dollars, instead of requiring a bond to be given for double the value of the property replevied, but not to state the amount thereof, as provided in P. L. 1922. This defect was waived, as was the failure to make the writ returnable before Judge Lucas in case the value of the property did not exceed twenty dollars, by the failure to plead it seasonably. *Shapiro* v. *Reed, supra.* See also *Elwell* v. *Olin,* 99 Vt 460, 134 A 592.

*Judgment reversed, and cause remanded.*